# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JOHN SHEPPARD, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN RALPH KEMP and )<br>GEORGIA DEPARTMENT OF )<br>CORRECTIONS COMMISSIONER )<br>BRIAN OWENS, )<br>)<br>Respondents. ) | Case No. CV413-274 |

## REPORT AND RECOMMENDATION

In 2007, a Chatham County Superior Court jury found John Sheppard guilty of kidnapping, aggravated assault, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. Doc. 1 at 1-2. He received 20-year concurrent sentences for the kidnapping and aggravated assault charges, followed by 5-year consecutive probated sentences for each of the remaining charges. *Id.* Represented by counsel, he petitions this Court for 28 U.S.C. § 2254 habeas relief. The state has responded in opposition. Doc. 9. For the following reasons, the petition should be denied.

I.  BACKGROUND

On September 3, 2006, Sheppard pulled a gun on Kelly Boyd (at one point placing the barrel of a shotgun on her back), held her hostage for a period, and threatened to kill her. *Sheppard v. State*, 297 Ga. App. 806, 807 (2009). The victim escaped only after Sheppard's brother arrived and disarmed him.

Prior to trial, Sheppard was represented by public defender Tadia Kelly (now Whitner). Doc. 1 at 13. Sheppard proved to be a difficult client, for while he was "totally lucid" on some occasions, at other times he would change his story of the events, accuse counsel of aiding the prosecution, become exceedingly angry, and "just spin." Doc. 12-1 (habeas transcript) at 12-13. Because of this behavior and the claim by family members that Sheppard suffered from a mental disorder, Kelly requested a competency evaluation. Doc. 20-4 at 1-2. The trial court granted that request and referred Sheppard to Dr. Nick D'Alesandro, Ph.D., for a mental health assessment.

Dr. D'Alesandro determined that Sheppard, who had earned his GED and had worked as a professional truck driver, "demonstrate[d] a number of characteristics indicative of a personality disorder, which

apparently adversely influences his thinking and his behaviors." Doc. 16-2 at 38-40. However, he was "alert and cooperative" and "functions[ed] within the average range of intellectual capabilities." *Id.* at 38. Dr. D'Alexandro further noted that Sheppard's speech was "clear and intelligible, devoid of any indication of a disrupted thought process." *Id.* Finding "no indication that Mr. Sheppard suffered from a psychiatric disorder of either mood or thought," *id.*, Dr. D'Alesandro concluded that he was competent to stand trial. *Id.* at 39. The trial court accepted that assessment. Doc. 19-1 at 1-8.

Just three days prior to trial, Sheppard announced that he would not go to trial represented by the assigned public defender. *Sheppard*, 297 Ga. at 808. When the trial court declined to appoint replacement counsel or continue the trial to allow him to obtain retained counsel, Sheppard indicated that he would represent himself. *Id.* The trial court explained the dangers and pitfalls of self-representation, emphasized that Sheppard "clearly [didn't] have the education and the know-how to handle a trial," and strongly discouraged him from waiving his right to counsel. Doc. 17-1 at 49. At a separate hearing on the day of trial, the Court again warned Sheppard that "it is absolutely not a good idea for you

to represent yourself. . . . [Y]ou do not have the education . . . for such an undertaking." Doc. 18-1 at 11.

After Sheppard conducted his own *voir dire*, the trial judge again sought to dissuade him from representing himself. Doc. 18-1 at 21. Sheppard insisted that he be allowed to do so. *Id.* at 37. In reliance upon Dr. D'Alesandro's finding of mental competency to stand trial and her own observation that "the man I see in front of me appears capable of . . . speaking and . . . explaining his point of view," the trial judge found that Sheppard was making "a knowing, intelligent and voluntary waiver of [his] right to counsel." Doc. 19-1 at 1-8. The Court, however, ordered Kelly to remain as stand-by counsel during the trial proceedings. *Id.* at 8.

After Sheppard was found guilty on all counts, he retained attorney John Lloyd to represent him during the motion for new trial proceedings and at sentencing. Doc. 1 at 13. He then retained Christopher Townley to represent him on appeal. His conviction and sentence were affirmed. 297 Ga. App. 806. Sheppard, represented by Elizabeth Brandenburg and Marcia Shein, unsuccessfully sought state habeas relief. Doc. 1 at 13. Throughout the post-trial proceedings, Sheppard claimed that he should not have been allowed to represent himself at trial. Doc. 1-2 at 4-24.

Still represented by Brandenburg and Shein, he timely filed the present § 2254 petition raising claims he exhausted in the state courts. Doc. 1 at 7.

## II. ANALYSIS

Before this Court Sheppard challenges both the state habeas court's finding that he possessed the necessary competence to represent himself at trial and its finding that his pretrial, post-trial, and appellate counsel were not ineffective in failing to properly raise or preserve that issue. Doc. 1 at 5 (Ground One), 7 (Ground Two). Both grounds for relief rest upon a misreading of the Supreme Court's decision in *Indiana v. Edwards*, 554 U.S. 164, 175 (2008). Because Sheppard has not shown that the state court's decision to allow him to represent himself at trial "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States," he is not entitled to federal habeas relief. 28 U.S.C. § 2254(d).

Sheppard does not dispute the state court's finding that he was competent to stand trial. *See* Doc. 2 at 9 (where Sheppard notes without objection that he "was found competent to stand trial"). He argues, however, that a finding that a defendant possesses the minimal level of competence to stand trial "is not enough to support a determination that

he is competent to represent himself" during his criminal trial. *Id.* at 10. Sheppard cites *Edwards* for the proposition that determining a defendant's competency to handle a criminal trial "'calls for a different standard'" than merely assessing a defendant's competency to stand trial while represented by counsel. *Id.* at 9 (quoting *Edwards*, 554 U.S. at 175). Sheppard claims prejudice, reasoning that while he met the minimal competence standard to stand trial, he lacked the "additional cognitive functions and abilities" to represent himself effectively at a criminal trial. Doc. 1 at 10.

At no point in *Edwards*, and in no subsequent case, has the Supreme Court adopted as a matter of federal constitutional law the higher competency standard urged by Sheppard in this case. The mental competence standard for standing trial, first announced in *Dusky v. United States*, 362 U.S. 402 (1960), requires that the defendant have "a rational as well as factual understandings of the proceedings against him" and possess the "present ability to consult with his lawyer with a reasonable degree of rational understanding." *Id.* at 403. Despite the "modest aim" of the *Dusky* competence-to-stand-trial standard, *Godinez v. Moran*, 509 U.S. 389, 402 (1993), the Supreme Court later rejected the

notion that a higher level of mental competence is required before a defendant may waive his right to counsel and plead guilty. *Id.* at 391, 398 (adopting the *Dusky* standard for competence to stand trial as the standard for determining a defendant's competence to plead guilty or waive his right to counsel). The *Godinez* Court noted that "while States are free to adopt competency standards that are more elaborate than the *Dusky* formulation, the Due Process Clause does not impose these additional requirements." *Id.*

In *Edwards*, the Court addressed whether its prior precedents in *Godinez* and *Faretta v. California*, 422 U.S. 806 (1975),[1] *required* a state to respect the self-representation rights of a defendant who met "*Dusky*'s basic mental competence standard" but who lacked the capacity to conduct the trial proceedings without the assistance of counsel. 554 U.S. at 177. The Court concluded that

> The Constitution *permits* judges to take realistic account of the particular defendant's mental capacities by asking whether defendant who seeks to conduct his own defense at trial is mentally competent to do so. That is to say, the Constitution *permits* States to insist upon representation by counsel for those competent enough to stand trial under *Dusky* but who still suffer from severe mental

---

[1] *Faretta* held that just as a criminal defendant has a constitutional right to the assistance of counsel, "he has a constitutional right to proceed *without* counsel when he voluntarily and intelligently elects to do so." 422 U.S. at 807.

illness to the point where they are not competent to conduct the trial proceedings by themselves.

*Id.* at 177-78. Thus, a state is free to force an attorney upon a defendant who is borderline-competent under *Dusky* but who is incapable of managing the rigors of a criminal trial. 554 U.S. at 171.

In permitting the states to adopt a more demanding competence standard for defendants who seek to handle their own criminal trial, the *Edwards* Court did *not* impose such a higher standard as a matter of federal constitutional law. Indeed, the Court expressly refused "to adopt, as a measure of a defendant's ability to conduct a trial, a more specific standard that would 'deny a criminal defendant the right to represent himself at trial where the defendant cannot communicate coherently with the Court or a jury.'" *Id.* at 178. Thus, while a state may elect to use a more exacting at-trial competence standard, it does not offend the Constitution of the United States by allowing self-representation by a defendant who meets only *Dusky*'s more "basic" or "modest" standard. Every federal court to consider the issue agrees that the states are permitted, but not *required*, to insist upon more than *Dusky*-level competence when confronted by a mentally ill defendant who proposes to conduct his own trial. *See, e.g., Wright v. Bowersox*, 720 F.3d 979, 986

(8th Cir. 2013) ("it would not be an unreasonable determination of clearly established federal law for the state court to decline to impose a heightened standard of competency, as *Edwards* announced no such requirement."); *United States v. Bernard*, 708 F.3d 583, 590 (4th Cir. 2013) (the higher competence standard addressed in *Edwards* was expressly made "permissive" and is therefore not constitutionally mandated; thus, once a court finds a defendant competent to stand trial, he may be allowed to waive counsel and represent himself despite his "questionable mental competence" to act as his own trial counsel); *United States v. Ferguson*, 560 F.3d 1060, 1070 n. 6 (9th Cir. 2009) (*Edwards* permits but does not *compel* a trial court to disallow self-representation for a defendant who lacks mental competency to conduct trial proceedings); *United States v. DeShazer*, 554 F.3d 1281, 1290 (10th Cir. 2009) (*Edwards* reaffirmed that a court may constitutionally permit a defendant with a severe mental illness to represent himself at trial so long as he is competent to stand trial); *Blaylock v. Haws*, 2013 WL 1898182 at \* 16 (C.D. Cal. March 29, 2013) ("*Edwards* only held that a trial court *may* . . . impose a higher mental competence standard for self-representation than to stand trial. *Edwards* did not hold that the Constitution *requires*

a higher standard or that it requires a separate determination of competence to represent oneself"); *Anderson v. Gipson*, 2014 WL 1117264 at * 15 (E.D. Cal. March 19, 2014) (*Edwards* "held that a state *may* impose a higher mental competence standard for self-representation than to stand trial. *Edwards* did not hold that the Constitution requires a higher standard or that it requires a separate determination of competence to represent oneself . . . . There is no clearly established Supreme Court authority standing for the proposition that a state court must revoke pro per status of a "'gray area defendant.'").

Sheppard argues that the state habeas court failed to recognize that "*Indiana v. Edwards* changed the landscape surrounding a trial court's determination regarding an individual's competency to represent himself at trial." Doc. 2 at 9. *Edwards*, however, qualified its holdings in *Godinez* and *Faretta* only to this extent: states are no longer *required* to respect the self-representation rights of a "gray-area defendant" -- one who meets *Dusky*'s "minimal" standard for competency but who, because of a severe mental illness, lacks the capacity to conduct his own defense. But a trial court does not violate the Constitution by allowing such a borderline-competent defendant to waive his right to counsel and proceed

to trial, despite that defendant's inability to "communicate coherently with the Court or a jury." *Edwards*, 554 U.S. at 178.

The Supreme Court has announced a single *constitutionally-imposed* competency standard for standing trial, pleading guilty, and waiving the right to counsel. *Godinez*, 509 U.S. at 398. Sheppard disputes neither the state court's finding that he met the *Dusky* standard, nor its determination that his decision to waive his right to counsel was knowing and voluntary. *Id*. at 400-01. His claim that federal law required that he satisfy a heightened standard of competence before representing himself at trial is simply wrong. Because Sheppard has failed to establish that the state court adjudication of his claim violated "clearly established Federal law as determined by the Supreme Court of the United States," he is not entitled to federal habeas relief.

**SO REPORTED AND RECOMMENDED** this 11th day of December, 2014.

*[signature]*
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**